# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **GRANT F. SMITH** | ) |
| Plaintiff, | ) |
| v. | ) |
| **UNITED STATES DEPARTMENT OF TREASURY** | ) Civil Action No. 17-cv-1796 (TSC) |
| **UNITED STATES OFFICE OF PERSONNEL MANAGEMENT**, | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

Plaintiff Grant F. Smith, proceeding *pro se*, has sued Defendants United States Department of Treasury and the Office of Personnel Management, seeking to compel responses to his two Freedom of Information Act ("FOIA") requests for personnel information regarding Treasury employees. On March 31, 2019, this court entered an order granting summary judgment to Defendants and denying Smith summary judgment. (ECF No. 25.) The order noted that a Memorandum Opinion providing the court's reasoning would be issued shortly, absent unforeseen circumstances. (*Id.*) The court later modified its prior order and granted in part and denied in part summary judgment to the Defendants. (ECF No. 28.) That same day, the court entered a Memorandum Opinion stating its reasoning. (ECF No. 27.)

Before the court issued its modified opinion and order, Smith filed a "Memorandum" regarding the March 31, 2019 Order on Summary Judgment and sought re-assignment of the case because: 1) he disagreed with this court's decisions in his prior FOIA cases; 2) he perceived

the court's prior opinions as "vindictive"; and (3) the Memorandum Opinion had yet to issue at the time he filed his Memorandum. (Pl. Mem. at 3–6.)

The court interprets Smith's Memorandum as a motion for disqualification. Although Smith does not specify the legal authority for this request, it appears that he contends that this court should be disqualified under 28 U.S.C. § 455(a), which permits a litigant to seek recusal of a federal judge "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "[T]o be disqualifying, the appearance of bias or prejudice must stem from an extrajudicial source." *United States v. Barry*, 961 F.2d 260, 263 (D.C. Cir. 1992). The D.C. Circuit applies an "objective" standard to recusal motions under section 455(a). *SEC v. Loving Spirit Found. Inc.*, 392 F. 3d 486, 493 (D.C. Cir. 2004). Therefore, "[r]ecusal is required when 'a reasonable and informed observer would question the judge's impartiality.'" *Id.* (quoting *United States v. Microsoft Corp.*, 253 F.3d 34, 114 (D.C. Cir. 2001), cert. denied, 534 U.S. 952 (2001))).

Smith has not established that recusal is warranted. His displeasure with the substance of the court's rulings is not sufficient to support disqualification; the Supreme Court has made clear that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Judicial rulings alone "cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Id.* Disagreement with a court's rulings are a "ground[] for appeal, not recusal." *Id.* "[I]f disqualification were required 'merely as a result of counsel's disagreement with judicial conclusions reached in the course of litigation, the judicial system would grind to a halt." *Loving Spirit Found.*, 392 F.3d at 494 (quoting *Barnett v. City of Chicago*, 952 F. Supp. 1265, 1269

(N.D. Ill. 1998)). Likewise, Smith's unsupported allegations of "vindictiveness" in the court's opinions do not establish that the court's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see also Liteky*, 510 U.S. at 555–56 ("*Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger . . . .").

Finally, the court regrets the delay in issuing its reasoning. However, "mere delay, in the absence of any other allegations that might attribute such delay to an unfair bias or deep-seated antagonism towards [the litigant], is not sufficient to justify recusal." *United States v. Dobson*, No. 08-CR-00134-003, 2016 WL 9275015, at *1, n.2 (E.D. Pa. Mar. 3, 2016); *see also United States v. Antonelli*, 582 F. Supp. 880, 882 (N.D. Ill. 1984) (denying motion for disqualification and noting "delay in rendering decisions or trying a case" is not a basis for disqualification). Because Smith has not identified any extrajudicial source for this court's alleged bias or prejudice, the court's delay in issuing its opinion is not sufficient to justify recusal.

The court therefore finds that disqualification is unwarranted and will deny the relief requested.

Date: January 23, 2020

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge